IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIGUEL CABRAL-VERAS and )<br>JEANNETTE STAMPAR, )<br>603 Calle Del Parque )<br>San Juan, PR 00909-2307 )<br>)<br>Defendants. )<br>_____) | Case No. |

**COMPLAINT**

Plaintiff, the United States of America, at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this civil action to collect assessments against Miguel Cabral-Veras and Jeannette Stampar, husband and wife, for civil penalties arising from their failure to report interests in foreign bank accounts during the period 2010 through 2013 as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350(a). In support of this action, the United States alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the defendants reside in this district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the United States' claim occurred in this district.

## PARTIES

3. The plaintiff is the United States of America.

4. Defendants Miguel Cabral-Veras and Jeannette Stampar are married United States citizens residing in San Juan, Puerto Rico.

## COUNT I: FBAR PENALTY ASSESSMENTS
## AGAINST MIGUEL CABRAL-VERAS

5. During 2010-2013, Cabral-Veras had an interest in a bank account at Banco BDI with account number ending in 2854, and the account was located in the Dominican Republic.

6. During 2010-2013, Cabral-Veras had an interest in a bank account at Banco BDI with account number ending in 8751, and the account was located in the Dominican Republic.

7. During 2010-2013, Cabral-Veras had an interest in a bank account at Banco BDI with account number ending in 2954, and the account was located in the Dominican Republic.

8. During each calendar year 2010 through 2013, the aggregate amount in the accounts described in paragraphs 5-7, in which Cabral-Veras had an interest and which were located in a foreign country, exceeded $10,000.

9. Cabral-Veras failed to comply with 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350, which require a person to keep records and file reports when the person maintains a foreign bank account.  Such reports must be filed with the Internal Revenue Service on Treasury Form TD-F 90-22.1 (Report of Foreign Bank and Financial Accounts or "FBAR") for tax years prior to 2013, and on FinCEN Form 114 for tax year 2013 and after.

10. Cabral-Veras is subject to civil penalties under 31 U.S.C. § 5321(a)(5) because he failed to comply with the reporting requirements of 31 U.S.C. § 5314.  Specifically, he failed to timely file an FBAR reporting his interest in the accounts described in paragraphs 5-7 for 2010-2013.

11. On March 20, 2018, a delegate of the Secretary of the Treasury assessed civil penalties in the amount of $10,000 per account, for each year during 2010-2013 during which such account exceeded $10,000 in value. The assessment amounts, which totaled $100,000, were as follows:

|  | Account ending 2854 | Account ending 8751 | Account ending 2954 |
|---|---|---|---|
| **2010** | $10,000 | $0 | $10,000 |
| **2011** | $0 | $10,000 | $10,000 |
| **2012** | $10,000 | $10,000 | $10,000 |
| **2013** | $10,000 | $10,000 | $10,000 |

12. A delegate of the Secretary of the Treasury gave notice of the assessments to Cabral-Veras and made a demand for payment of the assessments upon Cabral-Veras.

13. Despite this notice and demand for payment, Cabral-Veras has failed, neglected, or refused to pay the assessments described in paragraph 11, above.

14. Because the amounts of the assessed penalties described in Paragraph 11 above exceed the amounts that would have been assessed had the violations been willful within the meaning of 31 U.S.C. § 5321(a)(5)(C) and the amounts of such willful penalties determined in accordance with applicable guidance where accounts are co-owned, the United States is only seeking to enforce the amount of the assessed penalties to the extent of $82,943.76, plus interest accruing after March 20, 2018.

15. Interest and penalties have accrued and will continue to accrue on the penalty amount described in paragraph 14 above pursuant to 31 U.S.C. § 3717.

16. Cabral-Veras is indebted to the United States in the amount of $89,322.48 as of April 25, 2019, plus statutory additions accruing from that date according to 31 U.S.C. § 3717.

## COUNT II: FBAR PENALTY ASSESSMENTS
## AGAINST JEANNETTE STAMPAR

17. During 2010-2011, Stampar had an interest in a bank account at Mercantil Bank with account number ending in 3-102, and the account was located in Switzerland.

18. During 2010-2011, Stampar had an interest in a bank account at Mercantil Bank with account number ending in 4-102, and the account was located in Switzerland.

19. During 2010-2013, Stampar had an interest in a bank account at Banco BDI with account number ending in 2854, and the account was located in the Dominican Republic.

20. During 2010-2013, Stampar had an interest in a bank account at Banco BDI with account number ending in 8751, and the account was located in the Dominican Republic.

21. During 2010-2013, Stampar had an interest in a bank account at Banco BDI with account number ending in 1985, and the account was located in the Dominican Republic.

22. During each calendar year, 2010 through 2013, the aggregate amount in the accounts described in paragraphs 17-21, in which Stampar had an interest and which were located in a foreign country, exceeded $10,000.

23. Stampar failed to comply with 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350, which require a person to keep records and file reports when the person maintains a foreign bank account. Such reports must be filed with the Internal Revenue Service on Treasury Form TD-F 90-22.1 (Report of Foreign Bank and Financial Accounts or "FBAR") for tax years prior to 2013, and on FinCEN Form 114 for tax year 2013 and after.

24. Stampar is subject to civil penalties under 31 U.S.C. § 5321(a)(5) because she failed to comply with the reporting requirements of 31 U.S.C. § 5314. Specifically, she failed to

timely file an FBAR reporting her interest in the accounts described in paragraphs 17-21 for 2010-2013.

25. On March 20, 2018, a delegate of the Secretary of the Treasury assessed civil penalties in the amounts shown below, for each year during 2010-2013 during which the accounts described in paragraphs 17-21 exceeded $10,000 in value. The assessed penalty amounts, which totaled $108,246.50, were as follows:

|      | Account ending 3-102 | Account ending 4-102 | Account ending 2854 | Account ending 8751 | Account ending 1985 |
|------|---------|---------|---------|---------|---------|
| 2010 | $10,000 | $10,000 | $10,000 | $0 | $0 |
| 2011 | $0 | $0 | $0 | $9,123.25 | $9,123.25 |
| 2012 | $0 | $0 | $10,000 | $10,000 | $10,000 |
| 2013 | $0 | $0 | $10,000 | $10,000 | $10,000 |

26. A delegate of the Secretary of the Treasury gave notice of the assessments to Stampar and made a demand for payment of the assessments upon Stampar.

27. Despite this notice and demand for payment, Stampar has failed, neglected, or refused to pay the assessments described in paragraph 25, above.

28. Because the amounts of the assessed penalties described in Paragraph 25 above exceed the amounts that would have been assessed had the violations been willful within the meaning of 31 U.S.C. § 5321(a)(5)(C) and the amounts of such willful penalties determined in accordance with applicable guidance where accounts are co-owned, the United States is only seeking to enforce the amount of the assessed penalties to the extent of $94,548.50, plus interest accruing after March 20, 2018.

29.     Interest and penalties have accrued and will continue to accrue on the penalty amount described in paragraph 28 above pursuant to 31 U.S.C. § 3717.

30.     Stampar is indebted to the United States in the amount of $101,819.67 as of April 25, 2019, plus statutory additions accruing from that date pursuant to 31 U.S.C. § 3717.

## CLAIM FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully prays as follows:

A.      That the Court enter judgment in favor of the United States and against Miguel Cabral-Veras in the amount of $89,322.48 as of April 25, 2019, plus interest accruing from that date until paid pursuant to 31 U.S.C. § 3717, relating to the penalty and interest assessments made against him with respect to 2010-2013;

B.      That the Court enter judgment in favor of the United States and against Jeannette Stampar in the amount of $101,819.67 as of April 25, 2019, plus interest accruing from that date until paid pursuant to 31 U.S.C. § 3717, relating to the penalty and interest assessments made against her with respect to 2010-2013; and

That the Court award such other and further relief, including the costs of this action, as may be deemed just and proper under the circumstances.

Dated: March 13, 2020.

        ROSA E. RODRIGUEZ-VELEZ
        United States Attorney

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General, Tax Division

        /s/ Ann E. Nash
        ANN E. NASH
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Ben Franklin Station
        Washington, DC 20044
        Telephone: 202-307-6489
        Email: ann.e.nash@usdoj.gov
        Attorney #G00515